IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00072-BNB

GARY DEWILLIAMS,

Applicant,

v.

UNITED STATES PAROLE COMMISSION,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 29 2010

GREGORY C. LANGHAM
CLERK

## ORDER DISMISSING CASE

Applicant, Gary DeWilliams, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the Federal Correctional Institution in Littleton, Colorado. He filed with the Court *pro se* an amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. He has paid the $5.00 filing fee.

In an order filed on January 27, 2010, Magistrate Judge Boyd N. Boland ordered Respondent to file a preliminary response limited to addressing the affirmative defense of exhaustion of administrative remedies if Respondent intended to raise that affirmative defense in this action. On March 9, 2010, after being granted an extension of time, Respondent filed a preliminary response to the habeas corpus application. On March 22, 2010, Applicant submitted to and filed with the Court a document titled "Motion to Dismiss Petition."

The Court must construe the "Motion to Dismiss Petition" liberally because Mr. DeWilliams is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110. For the

reasons stated below, the Court will construe the motion to dismiss as a notice of voluntary dismissal pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure.

Rule 41(a)(1) provides that "the [applicant] may dismiss an action without a court order by filing (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." No answer or motion for summary judgment has been filed by Respondent. A voluntary dismissal pursuant to Rule 41(a)(1) is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is necessary. *See* J. Moore, Moore's Federal Practice ¶ 41.02(2) (2d ed. 1995); ***Hyde Constr. Co. v. Koehring Co.***, 388 F.2d 501, 507 (10th Cir. 1968). The notice closes the file. *See **Hyde Constr. Co.***, 388 F.2d at 507. Accordingly, it is

ORDERED that the document titled "Motion to Dismiss Petition" filed with the Court on March 22, 2010, is construed liberally as a notice of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1). It is

FURTHER ORDERED that the voluntary dismissal is effective as of March 22, 2010, the date the notice of voluntary dismissal was filed in this action. It is

FURTHER ORDERED that the action is dismissed without prejudice.

DATED at Denver, Colorado, this 29th day of March, 2010.

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK
Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00072-BNB

Gary DeWilliams
Reg. No. 20666-013
FCI - Englewood
9595 West Quincy Ave.
Littleton, CO 80123

Juan G. Villaseñor
Assistant United States Attorney
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 3/29/10

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk